UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYLLIS BACA-FLORES,

        Plaintiff,

v.                                                                                    CASE NO. 03-72131
                                                                 HON. LAWRENCE P. ZATKOFF

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,
a Connecticut Corporation,

        Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 6, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on the parties' cross-motions for Judgment on the Administrative Record. Defendant Hartford has responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion for Judgment on the Administrative Record is GRANTED and Plaintiff's Motion for Judgment on the Administrative Record is DENIED.

### II. BACKGROUND

**A. Procedural History and Factual Background**

Plaintiff began her employment with PVC Chemicals[1] on January 22, 1990. The last position she held was as a computer support specialist. In this position, Plaintiff was required to answer questions and conduct problem solving on computer software and hardware issues. In performing these tasks, Plaintiff was regularly required to talk and hear, was frequently required to sit and use her hands to touch and feel, and was occasionally required to walk, stand, kneel, crouch, and crawl.

On August 29, 2001, Plaintiff stopped working due to fatigue, general pain, and a twisted left knee. Plaintiff applied for short-term disability benefits, and based on a September 26, 2001 report by Dr. John Atwood indicating Plaintiff's 1996 diagnosis of Systemic Lupus Erythromatosis ("lupus") and July 2001 diagnosis of fibromyalgia, Plaintiff's short-term benefits were approved. Before Plaintiff's short-term benefits were set to expire, Plaintiff applied for long term disability ("LTD") benefits under Defendant Hartford's plan.

Hartford claims examiner Joseph Wojcik reviewed Plaintiff's medical records and on May 6, 2002 determined that Plaintiff was not disabled under her LTD plan. Wojcik's determination was based on the belief that despite Plaintiff's diagnoses for lupus, carpal tunnel syndrome, meniscus tear, GERD, fibromyalgia, and chronic fatigue syndrome , there was no objective evidence that Plaintiff was unable to perform the Essential Duties of her job as a Computer Support Specialist.

Plaintiff administratively appealed and Defendant assigned the appeal to its Appeal Specialist David Cohen. As part of his review, Cohen sent the medical records to Dr. Margaret Tilton of the University Disability Consortium for her review. After reviewing the records and contacting Dr.

---

[1] PVC Chemicals was voluntarily dismissed from the lawsuit based on the representation that Defendant Hartford was in fact the administrator of Plaintiff's long-term disability plan.

Al-Azem, one of Plaintiff's treating physicians, Dr. Tilton concluded that the record contained no objective data to support Plaintiff's inability to work in a sedentary capacity. Based on this review, Hartford affirmed its previous denial of Plaintiff's claim for LTD benefits.

On May 30, 2003, Plaintiff filed the present action pursuant to the Employee Retirement Income Security Act ("ERISA") in order to challenge Defendant Hartford's denial of her long-term disability benefits. On May 17, 2004, this Court denied Defendant Hartford's Motion for Summary Judgment and granted Plaintiff's Motion to Reverse the Plan Administrator's Decision. The Court then remanded the claim and ordered that Hartford review Plaintiff's claim using different examiners.

Upon remand, Hartford ordered a complete review of Plaintiff's claim and assigned the review to Appeals Specialist Annette Graczewski. Ms. Graczewski retained two experts to review Plaintiff's medical records: Dr. James Bress, M.D., an internist, and Dr. Barry Turner, M.D., an orthopedic surgeon. Both experts were hired through University Disability Consortium.

On February 25, 2005, after completing its review and based on the findings of Dr. Bress and Dr. Turner, Defendant Hartford again denied Plaintiff's claim. The parties have now returned to this Court pursuant to ERISA, and by the present motions, each move for Judgment on the Administrative Record.

### III. LEGAL STANDARD

As explained in the Court's May 17, 2004 Opinion, the Court applies the "arbitrary and capricious" standard to the present action. "The arbitrary and capricious standard is the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned

explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Hunter v. Caliber System, Inc.*, 220 F.3d 702, 710 (6th Cir. 2000) (citation omitted).

## IV.  ANALYSIS

In the Court's May 17, 2004 Opinion, the Court found that Defendant Hartford prematurely closed the Administrative Record and arbitrarily and capriciously refused to open it for Dr. Al-Azem's November 7, 2002 letter.  In the cross-motions currently before the Court, the parties do not dispute that the Administrative Record is now complete.  Accordingly, the issue before the Court is whether Hartford's February 25, 2005 denial of LTD benefits was arbitrary and capricious.  For the following reasons the Court finds that Hartford's denial was not arbitrary and capricious.

### A. February 25, 2005 Denial Letter

Defendant Hartford's February 25, 2005 denial letter details the reasons why Hartford again denied Plaintiff's claim for LTD benefits.  Without going into each of these details, the Court is satisfied that Defendant's denial was not arbitrary and capricious.  Instead, Defendant reasonably based its denial on the findings of two independent medical reviewers it had obtained from the University Disability Consortium.

#### 1. Dr. Bress' Review

Following a thorough review of Plaintiff's medical records, Dr. James Bress concluded that Plaintiff is able to do full-time work at the sedentary level.  *See* AR at 287.  Dr. Bress explained that Plaintiff's lupus did not appear to be active and that it did not limit her ability to work.  *Id*. Similarly, Dr. Bress concluded that Plaintiff's knee is not a limiting problem for sedentary work as Plaintiff "was able to do six minutes of a stress test on 11/14/01 with no complaints of knee pain."  *Id*.  Next,

Dr. Bress addressed Plaintiff's carpal tunnel as "mild" and concluded that it was not limiting Plaintiff's ability to work. *Id.*

As to Plaintiff's fibromyalgia, Dr. Bress called the diagnosis into question:

> On 3/4/02, [Plaintiff] was tender all over. There were no specific trigger points, which is unusual for fibromyalgia. All x-rays and lab work were negative on 3/4/02. Again note the stress test 11/14/01, six minutes with no complaints of fibromyalgia, muscle aches, or excessive fatigue. The only limiting factor was shortness of breath, which is very understandable due to her deconditioning and her weight of nearly 250 lbs.

*Id.* Dr. Bress next questioned the fact that Plaintiff reported considerable fatigue in her 6/1/02 CFS questionnaire, but nevertheless continued to drive. AR at 288. Another inconsistency found by Dr. Bress was that Dr. Attalah stated that Plaintiff was unable to perform certain "tasks due to limited [Range of Motion]." In Dr. Al-Azem's officer notes, there was no discussion of this problem and Plaintiff's range of motion appeared to be adequate. *Id.*

### 2. Dr. Turner's Review

Following a review of Plaintiff's medical records from an orthopedic standpoint, Dr. Barry Turner concluded that Plaintiff appeared to be capable of performing full-time light duty work. *See* AR at 302. Dr. Turner next addressed Plaintiff's low back and neck pain, probable torn medial meniscus, and carpal tunnel syndrome. Dr. Turner explained that Plaintiff "showed signs of symptom magnification and exaggeration." *Id* at 300.

> Considering the fact that she has multiple symptoms throughout every portion of her body with tenderness to touching almost everywhere, it is apparent that she likely is not correctly reporting her pain complaints. That is, certainly her pain complaints and symptoms do not correlate with objective findings. It is clear that anyone who reports pain everywhere to all points touched on the body excluding common trigger point areas is likely magnifying her symptoms and their symptom reporting is likely not to be credible.

*Id.*

With regard to Plaintiff's knee injury, Dr. Turner explained:

> [Plaintiff] likely does have some meniscal tearing of the posterior horn of the medial meniscus, however, surgery was not recommended. This would indicate that there was little clinical significance to the injury to the meniscus. Furthermore, the fact that physical therapy caused at least 40% clinical improvement would indicate that she has recovered nicely from the meniscal injury and will not require surgery. The fact that she did not return after two to three months to see Dr. Le would also indicate that conservative treatment was successful.

AR at 301.

Regarding Plaintiff's carpal tunnel syndrome, Dr. Turned noted a discrepancy which caused him to discredit the existence of Plaintiff's carpal tunnel syndrome.

> I also noted the marked discrepancy on the indications for electrodiagnostic testing for the wrists in that the neurologist reported pain in the left hand but not in the right. Most interestingly, his electrodiagnostic testing showed symptoms to be more severe in the asymptomatic right side as compared to the left. This inconsistency is noted and further supports my opinion that most likely no significant carpal tunnel syndrome exists.

*Id.*

### 3. Findings of the Court

After considering the medical reviews conducted by Dr. Bress and Dr. Turner, including their detailed reasons supporting their conclusions, the Court cannot say that Defendant Hartford was arbitrary and capricious in relying on these reviews and denying Plaintiff's claim for LTD benefits. The Court makes this finding despite its own misgivings as to the denial of Plaintiff's LTD benefits.[2] Under the arbitrary and capricious standard, however, it is not for this Court to determine

---

[2] The Court is troubled by Defendant Hartford's denial of Plaintiff's LTD benefits in this case. Plaintiff has been treated by multiple physicians who have diagnosed her with a variety of ailments. Despite these multiple diagnoses, Defendant Hartford has not once physically examined Plaintiff and instead has chosen to rely on a file review of Plaintiff's medical records, and based on its review, has denied Plaintiff's claim for LTD benefits. This outcome seems patently unjust to the Court. Nevertheless, the law of this Circuit requires the Court to view the

whether the Plan Administrator decided correctly. Instead, this Court's role is limiting to determining that the Plan Administrator offered a reasonable explanation based on the evidence. *See Hunter v. Caliber System, Inc.*, 220 F.3d at 710. Furthermore, the Court's findings are consistent with the holding of the Supreme Court in *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003):

> [C]ourts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation.

For these reasons, the Court finds that Defendant Hartford's conclusion was reasonable based on the evidence and that it did not act arbitrarily or capriciously in denying Plaintiff's LTD benefits.

**B. Plaintiff's Allegations of Bias**

As a final matter, the Court will briefly address Plaintiff's allegation of bias. In its brief, Plaintiff asserts: "Defendant's decision that the retained experts were right and that Plaintiff's physicians who had actually treated and examined her over an extended period of time were wrong can only be explained by a conflict of interest and by bias." Plaintiff's Brief, at 8. Because Plaintiff has made only a conclusory allegation of bias and has offered no evidence of such bias, the Court rejects Plaintiff's accusation. *See Kalish v. Liberty Mutual/Liberty Life Assur.*, 419 F.3d 501, 508 (6th Cir. 2005) (" In the present case, however, [plaintiff] has offered only conclusory allegations of bias with regard to [the reviewing doctor].")

---

absence of a physical examination as merely one factor to consider. Additionally, the Supreme Court has indicated that this Court is not permitted to require the Plan Administrator to accord special weight to the opinion of Plaintiff's treating physicians. *See Black & Decker Disability Plan v. Nord*, 538 U.S. at 834. Accordingly, where the file reviews of Dr. Turner and Dr. Bress were otherwise thorough and clearly stated the reasons for their conclusions, the Court cannot say that Hartford's decision was arbitrary and capricious.

As explained in the previous section, the Court finds that Defendant did not arbitrarily reject Plaintiff's claim, but offered a reasonable explanation of its decision based on the medical reviews of Dr. Bress and Dr. Turner. The Court has weighed the structural conflict in the present case, and does not believe it has rendered Defendant Hartford's denial of LTD benefits as being arbitrary and capricious. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) ("[T]he conflict must be weighed as a factor in determining whether this is an abuse of discretion.")  Additionally, as the Sixth Circuit has explained, the existence of a conflict of interest can cut both ways. "And if a consultant engaged by a plan may have an 'incentive' to make a finding of 'not disabled,' so a treating physician, in a close case, may favor a finding of 'disabled.'" *Eastover Mining Co. v. Williams*, 338 F.3d 501, (6th Cir. 2003).

Absent any specific evidence of how the structural conflict of interest affected Dr. Bress' and Dr. Turner's reviews, and in light of the Court's previous finding that Dr. Bress and Dr. Turner reasonably conducted reviews of Plaintiff's medical file, the Court cannot say that such a conflict of interest rendered Defendant Hartford's denial of LTD benefits as being arbitrary and capricious.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Defendant Hartford's Motion for Judgment on the Administrative Record and HEREBY DENIES Plaintiff's Motion for Judgment on the Administrative Record.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: February 6, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 6, 2006.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290