UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYLLIS BACA-FLORES,

      Plaintiff,

CASE NO. 03-72131
HON. LAWRENCE P. ZATKOFF

v.

HARTFORD LIFE AND ACCIDENT,
INSURANCE COMPANY,
a Connecticut Corporation,

      Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 28, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff Phyllis Baca-Flores' Motion for Costs and Attorney's Fees. Defendant Hartford Life and Insurance Company (hereinafter "Hartford") has responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D.MICH.LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's Motion for Costs and Attorney's Fees is DENIED.

1

## II. BACKGROUND

On May 30, 2003, Plaintiff Phyllis Baca-Flores filed an action pursuant to the Employee Retirement Income Security Act (hereinafter "ERISA") seeking to challenge Defendant Hartford's denial of her long-term disability benefits. On May 17, 2004, this Court denied Defendant Hartford's Motion for Summary Judgment and granted Plaintiff's Motion to Reverse the Plan Administrator's Decision. The Court then remanded the claim and ordered Hartford to review Plaintiff's claim using different examiners.

On June 16, 2004, Plaintiff Phyllis Baca-Flores filed a Motion for Attorney's Fees and Costs pursuant to ERISA. On October 26, 2004, the Court denied Plaintiff's Motion for Costs and Attorney's Fees, but permitted Plaintiff to reapply at a future date following a final decision.

Upon remand, Defendant Hartford ordered a complete review of Plaintiff Phyllis Baca-Flores' claim and assigned the review to Appeals Specialist Annette Graczewski. Ms. Graczewski retained two experts to review Plaintiff's medical records: Dr. James Bress, M.D., an internist, and Dr. Barry Turner, M.D., an orthopedic surgeon. Both experts were hired through University Disability Consortium. On February 25, 2005, Defendant Hartford completed its review and based on the findings of Dr. Bress and Dr. Turner, Hartford again denied Plaintiff's claim.

On September 26, 2005, both parties moved for judgment on the Administrative Record. On February 6, 2006, the Court issued an Order granting Defendant Hartford's Motion for Judgment on the Administrative Record and denying Plaintiff's Motion for Judgment on the Administrative Record.

On February 17, 2006, and despite the Court's ruling in favor of Defendant, Plaintiff Phyllis Baca-Flores reapplied for attorney's fees by filing her Second Motion for Costs and

Attorney's Fees. Plaintiff claims that the Court's May 17, 2004 Opinion and Order Granting Plaintiff's Motion to Reverse the Plan Administrator's Decision to Deny Long Term Disability Benefits and remanding for further administrative review, should permit the awarding of costs and attorney's fees.

### III. LEGAL STANDARD

In an action for delinquent contributions brought under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In determining whether to award attorney's fees and costs, the Sixth Circuit has adopted a five factor test where it examines:

> 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney's fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions.

*See Hoover v. Provident Life and Acc. Ins. Co.*, 290 F.3d 801, 809 (6th Cir. 2002). The Court has "broad discretion" in awarding attorney's fees and costs; all five factors need not be met. *See id.* No single factor is determinative. Rather, the Court considers each factor before exercising its discretion. *Schwartz v. Gregori,* 160 F.3d 1116, 1119 (6th Cir.1998). This Circuit rejects a presumption that attorney's fees should ordinarily be awarded to a prevailing plaintiff in such a case. *Foltice v. Guardsman Products, Inc.,* 98 F.3d 933, 936 (6th Cir.1996).

### IV. ANALYSIS

**A. Plaintiff is not the Prevailing Party**

As an initial matter, the Court will consider whether Plaintiff is a "prevailing party." The Sixth Circuit has interpreted 29 U.S.C. § 1132(g)(1) to deny a plaintiff's motions for attorney's fees because they were not the prevailing party on the ERISA claim. *See Cattin v. General Motors Corp.*, 955 F.2d 416, 427 (1992). In *Cattin*, the Sixth Circuit explained:

> The decision to grant attorney's fees is committed to the discretion of the district court, and its decision will not be disturbed absent a clear showing of abuse of discretion. Plaintiffs were not the prevailing party on the ERISA claim, and, therefore, it was not an abuse of discretion to deny plaintiffs' motions for attorney's fees. *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 829 (7th Cir.1987) ("it would be an abuse of discretion for the district court to award attorney's fees to a losing party, even though section 1132(g)(1) does not in so many words confine awards of attorney's fees to winners···"); *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir.1984) ("a court may properly deny a claim for attorneys' fees solely on the ground that the plaintiff obtained no relief under the statute.").

*Cattin v. General Motors Corp.*, 955 F.2d at 427 (citations omitted).

In the present case, Plaintiff was successful on her motion to Reverse the Plan Administrator's Decision to Deny Long Term Disability Benefits. On remand, however, the Plan Administrator again rejected Plaintiff's claim and the Court ultimately granted judgment in favor of Defendant. *See* February 6, 2006 Opinion and Order Granting Defendant's Motion for Judgment on the Administrative Record. Accordingly, Plaintiff has not obtained any meaningful relief as a result of the present action and Plaintiff should not be considered the prevailing party. For this reason, Plaintiff's Motion for Attorney's Fees should be denied.

## B. The Five Factor Test for Awarding Attorney's Fees

In addition to finding that Plaintiff is not the prevailing party, the Court also believes that Plaintiff's Motion for Attorney's Fees should be denied as Plaintiff fails to satisfy the Sixth Circuit's Five Factor Test for awarding attorney's fees.

### Factor 1: The Degree of the Opposing Party's Culpability or Bad Faith

The first factor this Court is to consider is the degree of the opposing party's culpability or bad faith. In its May 17, 2004 Opinion and Order, the Court determined that Defendant's denial was "arbitrary and capricious" by refusing to open the Administrative Record and consider Dr. Al-Azem's November 7, 2002 letter. Plaintiff claims the Court's decision on May 17, 2004 to grant Plaintiff's motion to Reverse the ERISA Plan Administrator's Decision to deny Long Term Disability (LTD) Benefits constitutes culpability or bad faith. *See* Plaintiff's Brief, at 3. Defendant claims the Reversal of the ERISA Plan Administrator's Decision may show the Defendant's determination to be erroneous, or arbitrary and capricious; but does not evidence a degree of culpability or acting in bad faith. *See* Defendant's Brief, at 5. Also in its February 6, 2006 Opinion and Order, the Court expressed its misgivings of the Defendant's denial of Plaintiff's LTD benefits, even though the Defendant's standard of reviewing LTD Benefit Claims are consistent with the Supreme Court's holding. *See* February 6, 2006 Opinion and Order, at 7.

After a review of the entire record, however, the Court cannot conclude that Defendant is culpable or has acted in bad faith in denying the Plaintiff claim for LTD Benefits. A defendant's rejection of a claim may be held erroneous or arbitrary, but does not necessarily evidence a degree of culpability approaching bad faith. *See Foltice v. Guardsman Products, Inc.,* 98 F.3d at 937. There is no indication in the record that the defendant acted in "bad faith" when it refused

5

to re-open the Plaintiff's Administrative Record and consider Dr. Al-Azem's letter that was sent after the deadline given to Dr. Al-Azem.  Accordingly, this factor therefore weighs against an award of attorney's fees.

### Factor 2: The Opposing Party's Ability to Satisfy an Award of Attorney's Fees

As to the second factor, Plaintiff asserts that Defendant has the financial ability to satisfy an award of attorney's fees and costs, which Defendant does not dispute in its brief.  This alone, however, does not justify an award of attorney's fees.  *See Foltice v. Guardsman Products, Inc.,* 98 F.3d 933, 937 (6th Cir.1996).  Therefore, this Court will consider the Defendant's ability satisfy an award in light of the other five factors.

### Factor 3: The Deterrent Effect of an Award

The third factor, the deterrent effect of an award on others in similar circumstances, is greatest where deliberate misconduct has taken place and the Defendant is highly culpable.  *See Foltice v. Guardsman Products, Inc.,* 98 F.3d 933, 937 (6th Cir.1996).  The Defendant's failure to open the Administrative Record and consider Dr. Al-Azem's November 7, 2002 letter was determined by the Court to be arbitrary and capricious.  The Court does not view Defendant's actions, however, as suggesting intentional wrongdoing or deliberate misconduct.  Therefore, the Court does not believe an award is necessary to deter the defendant's future conduct.

### Factor 4: Whether the Party Requesting Fees Sought to Confer a Common Benefit

The fourth factor considers whether the Plaintiff was bringing the action on his own behalf or whether he seeks to confer a common benefit to other plan beneficiaries.  Plaintiff claims he has made an impact and that Defendant must now pay closer attention to determine if the claims are handled in accordance with Hartford's claim-handling policies.  *See* Plaintiff's Brief, at 5.  The Court is not convinced by Plaintiff's assertion and believes that any benefit to

other plan beneficiaries was merely incidental. Additionally, the Court does not believe that Plaintiff's case was brought in order to resolve significant legal questions regarding ERISA. *See Schwartz v. Gregori*, 160 F.3d 1116, 1121 (6th Cir. 1998). For these reasons, the Court does not believe the fourth factor weighs in Plaintiff's favor.

**Factor 5: The Relative Merits of the Parties' Positions.**

The fifth factor considers the relative merits of the parties' positions. As discussed above in Section A., the Court does not consider Plaintiff to be the prevailing party in this case. Accordingly, this factor weighs against Plaintiff.

### V. CONCLUSION

After considering each of the five factors, and in the exercise of its discretion, the Court finds that Plaintiff should not be awarded attorney's fees and costs. Additionally, the Court finds that Plaintiff is not the prevailing party and that Plaintiff's Motion for Attorney's Fees should be denied for this additional reason.

For these reasons, the Court HEREBY DENIES Plaintiff's Motion for Attorney's Fees and Costs.

IT IS SO ORDERED.

    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: July 28, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 28, 2006.

s/Marie E. Verlinde

Case Manager
(810) 984-3290

S:\Zatkoff\Marie ECF\03-72131.baca-flores.brett.wpd